**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| VAMPIRE FAMILY BRANDS, LLC, | ) CIVIL ACTION NO. |
| | ) |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| vs. | ) |
| | ) |
| HEB GROCERY COMPANY, LP | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION;**
**DILUTION/TARNISHMENT AND UNJUST ENRICHMENT**

Plaintiff VAMPIRE FAMILY BRANDS, LLC hereby alleges and asserts:

## I.    JURISDICTION AND VENUE

1.      Plaintiff brings this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendant, in connection with the commercial use and exploitation of trademarks in violation of the Lanham Act.

2.      This action arises under the Trademark Laws of the United States, including particularly, Sections 43 of the Lanham Act, 15 U.S.C. §1125 and 1114.  Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent jurisdiction.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) by virtue of the fact that a substantial part of the events giving rise to the acts complained of herein occurred in this District.

## II.    THE PARTIES

3.    Plaintiff VAMPIRE FAMILY BRANDS, LLC ("VAMPIRE FAMILY BRANDS") is a Delaware Limited Liability Company with its main business office located in Los Angeles County, California.

4.    Defendant HEB GROCERY COMPANY, LP is upon information and belief, a Texas limited partnership conducting business throughout the State of Texas including in this judicial district.

## III.    FACTS GIVING RISE TO THIS ACTION

5.    Plaintiff VAMPIRE FAMILY BRANDS via its predecessors in interest has been marketing food and beverages under the following brand names for many years, including:  VAMPIRE (for wines – US Trademark Registration No. 2263907); DRACULA (for wine – US Trademark Registration No. 3319536); VAMPYRE (for Spirits – US Trademark Registration No. 3082097); VAMPIRE (for chocolate and coffee  - US Trademark Registration No. 3669827) VAMPIRE for Olive oil and Balsamic vinegar – US Trademark Registration No. 4776927);  VAMP H20 (for Water – US Trademark Registration No. 3895288);  VAMPIRE (for Restaurant and Bar Services – US Trademark Registration No. 3978444); VAMPIRE (for Glass beverage-ware -- US Trademark Registration No. 3290011); and VAMPIRE TACO (for Tacos – US Trademark Registration No. 4939034).

6.    By virtue of its extended use in commerce, several of the aforementioned registrations have become incontestable, including its registration numbers 2263907, 3082097, 3290011, 3319536, 3669827, and 3978444

7.    VAMPIRE FAMILY BRANDS also is the owner of the slogans TASTE OF IMMORTALITY and SIP THE BLOOD OF THE VINE, (TM Registrations 3167606 and 3079403, respectfully.)  Both of these marks also have become incontestable.

8.    The origin of Vampire wine, and VAMPIRE FAMILY BRAND's claim of right goes back to 1988, when its founder released a French bottled Algerian Syrah under the brand name Vampire.  The first sale was to MCA Records and Alice Cooper, and the wine was

promoted under the slogan, "Sip the Blood of the Vine." Vampire Family Brand's predecessors in interest began to use the slogan "Taste of Immortality" by at least 1995, if not earlier. Although the labels have changed over the years, along with the sourcing from Algeria to Italy to Transylvania and finally to Napa, the marketing has remained playful.

9.    As the source of Plaintiff's wine shifted from Transylvania, Romania to Napa, California, Plaintiff's marketing evolved to emphasize that the quality of the wine was actually extremely good, with Vampire wine having won numerous gold medals throughout the years and winning scores of 90 Points and higher.

10.    Plaintiff via its predecessors' in interest expanded its wine and spirits business into gourmet quality foods, including Vampire Fine Belgian Chocolate and Vampire Gourmet Coffee (US Reg. No. 3669827) and Vampire Gourmet Olive Oil and Vampire Gourmet Balsamic Vinegar (US. Reg. No. 4776927.)

11.    Plaintiff has expanded into restaurant services (US Reg. No. 3978444), and Plaintiff actively licenses its VAMPIRE TACO mark (US. Reg. No. 4939034) to a chain of approximately 70 restaurants that  make a fantastic tasting taco branded as Vampire Taco.

12.    Plaintiff's natural zone of expansion includes other foods and beverages, such as hot sauce, barbecue sauce, hamburgers, beers, and other restaurant venues.  Plaintiff has plans for each of these.

13.    Plaintiff is also the owner of the US Registration No. 5444375 for the word mark VAMPIRE for Pre-mixed alcoholic beverages, other than beer based, and Prepared Alcoholic Cocktails.  Plaintiff has a great tasting Gourmet Bloody Mary cocktail, that it markets as its VAMPIRE Gourmet Bloody Mary Cocktail.

14.    Plaintiff's VAMPIRE family of brands are available for the world to see on its website VAMPIRE.COM and the U.S. Patent and Trademark Office, and Plaintiffs' family of VAMPIRE Brands have received coverage in various national magazines and newspapers, including Maxim, InStyle, Elle, Shape, Star Magazine, the New York Times, the LA Times, the Houston Chronicle, The Star Tribune, The Chicago Sun Times, and many more.  In

addition, Plaintiffs' VAMPIRE family of brands have been shown on various national television shows, such as The View with Oprah Winfrey, Anderson Cooper for approximately five minutes with Ashley Greene from Twilight fame, CNN Headline News, MTV's Viva La Bam, Food TV, and many more.

15.     In 2017 Plaintiff began selling VAMPIRE Gourmet Bloody Mary Cocktails in a can which are designed to be the go-to ready to drink premixed bloody Mary, perfect for busy bars, outdoor venues, picnics, and anyone on the go wanting a gourmet ready to drink bloody Mary cocktail.

16.     Plaintiff also markets and sells wine branded as DRACULA and has been doing so for more than a dozen years.  Plaintiff is the owner of US Trademark Registration No. 20070618 for Dracula for wine.

17.     Recently, on or about July 21, 2020,  Plaintiff received notice from a business associate in the beverage business that defendant was selling a beverage branded as VAMPIRO, the Spanish equivalent of VAMPIRE.

18.     Plaintiff researched the matter online and found that the defendant was indeed unlawfully marketing and selling a mixed alcoholic cocktail branded as VAMPIRO.  Pictures of defendant's VAMPIRO alcoholic cocktail in a can are attached as Exhibit A.

19.     Notably, besides infringing upon Plaintiff's VAMPIRE family of marks, defendant's packaging deceptively claims to be made from 100% Blue Agave – a rare and expensive plant from which tequila is made from, giving the false impression that the accused product is made from this natural ingredient.

20.     In fact, the only natural ingredient in the accused product is water and perhaps cane sugar.  The front part of the can says the accused product is a fizzy grapefruit cocktail with citrus and spice; yet no grapefruit nor citrus product is listed as an actual ingredient – just natural flavors instead.  The imitation flavoring tarnishes plaintiff's VAMPIRE family of brands reputation for making gourmet products.  Plaintiff's VAMPIRE Gourmet Bloody Mary for example is made from actual tomatoes – and not natural flavors.

21.     Plaintiff markets its brands through a national network of wholesalers, and via the website: www.vampire.com. VAMPIRE wine sells for anywhere between $10 to $15 per bottle nationally at retail stores. VAMPIRE wine is also available in bars and restaurants on wine lists.

22.     Plaintiff and its associates have worked hard to ensure that they put the best wine in the bottle as possible. Over the last few years, Plaintiff's VAMPIRE family of wines have received some great reviews and have won Gold Medals, including Gold Medals at the San Francisco Chronical Wine Competition for its VAMPIRE Merlot, VAMPIRE Cabernet Sauvignon, VAMPIRE Pinot Noir, a Gold Medal and 92 Rating from the Los Angeles International Wine & Spirits Competition awarded to VAMPIRE Cabernet Sauvignon, Gold Medals at the Texas International Rodeo Wine Competition, and 92 ratings for its highest end TRUEBLOOD Cabernet Sauvignon.

23.     Plaintiff has spent substantial amounts of time and money building up, advertising, and promoting its brands. By virtue of the popularity of its brands, its advertising, promotion, and sales, plus the popularity of its websites, including vampire.com, Plaintiff has built up and own extremely valuable goodwill which is symbolized by Plaintiff's various marks.

24.     Defendant's intentional wrongful acts are harming Plaintiff's brands reputation and are diluting the brands and are disparaging.

25.     If defendant is not stopped from marketing food and beverages using the VAMPIRO mark or a mark confusingly similar to Vampire (or Dracula), then consumers will likely be confused about the source and origin of defendant's products and services and mistakenly conclude that defendant's products or services are produced by, or associated with Plaintiff and/or its licensees.

26.     Alternatively, if defendant is not stopped from marketing beverages using the VAMPIRO mark a mark confusingly similar to Plaintiff's VAMPIRE (or DRACULA) marks, then consumers will likely be confused about the source and origin of Plaintiff's (or its

licensees') products and services and mistakenly conclude that Plaintiff's (or its licensees') products or services are produced by, or associated with defendant.

## COUNT I
## VIOLATION OF LANHAM ACT 15 U.S.C. §1125(a)

27.     Plaintiff realleges the allegations in paragraphs 1 though 26.

28.     Defendant has large resources with which to market and advertise its goods and services.  Defendant's resources vastly exceed those of Plaintiff.  Consequently, marketing and advertising efforts by Defendant are likely to mislead consumers to believe that Plaintiff's goods and services may be unauthorized use of trademarks that defendant owns or controls.  If defendant is permitted to continue its wrongful acts, consumers are likely to be misled to believe that Plaintiff is misusing its *VAMPIRE* marks *(and/or DRACULA* mark).

29.     Also, Defendant's use of the word VAMPIRO for a premixed cocktail, so closely resembles Plaintiff's products and services (including Plaintiff's VAMPIRE Gourmet Bloody Mary Cocktail) that the public is likely to be confused and deceived, and to assume erroneously that defendant's goods are those of Plaintiff, or that defendant is in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

30.     Defendant is  not affiliated with, connected with, endorsed by, or sponsored by Plaintiff, nor has Plaintiff approved or authorized any of the goods or services offered or sold by defendant.

31.     Plaintiff has no control over the nature and quality of the goods and services offered and sold by defendant or its licensees.  Any failure, neglect, or default by defendant or its licensees in providing such products or services will reflect adversely on Plaintiff as being the believed source of said failure, neglect, or default, thereby hampering Plaintiff's efforts to continue to protect its outstanding reputation and preventing Plaintiff from further building its reputation. Said failure, neglect, or default will result in loss of revenue by Plaintiff, and loss of value of Plaintiff's considerable expenditures to promote its goods and services under the VAMPIRE mark, all to the irreparable harm of Plaintiff.

32.     In fact, defendant's marketing of its VAMPIRO alcoholic cocktail interferes with Plaintiff's plans of releasing its own VAMPIRO tequila and VAMPIRO alcoholic cocktails made from tequila.

33.     Without the knowledge or consent of Plaintiff, Defendant has marketed and sold in interstate commerce, and in commerce substantially affecting interstate commerce, products and services branded under the name VAMPIRO and continue to do so. Defendant has promoted, publicized, advertised, offered for sale, and/or sold, products and services using the VAMPIRO mark through persons not authorized, employed by, or associated in any way with Plaintiff and has used the aforementioned trade name and trademark as a false designation and false representation for food products.

34.     None of defendant's activities complained of in this complaint have been authorized by Plaintiff, and such unauthorized use by Defendant of Plaintiff's trademarks and/or trade names in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiff's trademarks and/or trade names, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

35.     Upon information and belief, Defendant has acted with the unlawful purpose of:

    a.  Improperly taking advantage of the valuable goodwill belonging to Plaintiff;

    b.  Soliciting Plaintiff's customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, goods and services marketed under the confusingly similar VAMPIRE mark through persons not authorized by, employed by, or associated in any way with Plaintiff;

    c.  Inducing others to infringe Plaintiff's trademarks and trade names; and

d.  Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiff to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff and its licensed trademarks and trade names.

36.  Defendant's conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1125(a).

37.  If Defendant is allowed to continue marketing and selling the accused goods and services, Plaintiff will be damaged as alleged in this complaint, and the Defendant will profit thereby.  Furthermore, unless the Court permanently enjoins Defendant's conduct as alleged in this complaint, Plaintiff's business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

38.  Defendant has hijacked Plaintiff's trademark.  Hijacking Plaintiff's VAMPIRE trademark improved the likelihood that consumers would pick up the accused product in the store and buy it.  Highjacking Plaintiff's VAMPIRE mark (and using the Spanish spelling with an "o" instead of an "e" lowered defendant's costs to advertise, market and promote while improving defendant's sales and profits.

39.  Defendant's aforementioned acts and conduct is being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop.  Plaintiff is therefore entitled to treble damages arising therefore, disgorgement of defendant's profits, as well as reimbursement of Plaintiff's attorneys' fees and costs.

40.  The intentional nature of defendant's acts makes this an exceptional case under 15 U.S.C. §1117(a).

41.  The intentional nature of defendant's acts and conduct makes this a case suitable for an award of Three Times Defendant's profits plus attorneys fees.

## COUNT II

## VIOLATION OF LANHAM ACT 15 U.S.C. §1114

42.     Plaintiff repeats each allegation contained in paragraphs 1 through 41 as though set forth herein at length.

43.     Defendant has engaged in, and continue to engage in, the wrongful exploitation of Plaintiff's registered marks.

44.     Defendant's goods are so closely related to Plaintiff's goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendant's marketing and sales of its VAMPIRO canned alcoholic beverage, as packaged, advertised and promoted, are those of Plaintiff, or that Defendant is in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

45.     Defendant is not affiliated with, connected with, endorsed by, or sponsored by Plaintiff.  Furthermore, Plaintiff has not approved any of the goods or services offered or sold by Defendant.

46.     Defendant's aforesaid infringing conduct has been willful and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop. Defendant's aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertisement, and promotion of its Vampiro branded cocktails will hinder the prospects of future commercial success of Plaintiff's VAMPIRE family of brands, including its further foray into the food, cocktail, spirits and restaurant space.  Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiff's attorneys' fees and costs.

## COUNT III

## VIOLATION OF LANHAM ACT 15 U.S.C. §1125(c)

47.     Plaintiff repeats each allegation contained in paragraphs 1 through 46 as though set forth herein at length.

48.     Plaintiff's Vampire family of brands have appeared on The View, Anderson Cooper, CNN Headline News, Entertainment tonight, MTV's Viva La Bam, The Food Channel, A & E, and have been written up in widely circulated magazines such as Star Magazine, Shape, Maxim, InStyle, Elle, Spin, Rolling Stone, Marie Claire, Cosmo Girl, The Wine Enthusiast, and in regional newspapers such as the LA Times, the NY Times, the Houston Chronicle, and others, and as such have developed a fame all of their own catapulting the Vampire brand into the category of a famous mark.

49.     Plaintiff's associates and predecessors in interest periodically work with Hollywood film companies and engage in mutually beneficial promotions.  For example, Plaintiff's products have been found in the Blade films (starring Wesley Snipes) and HBO's Trueblood Series, and Plaintiff has done promotions connecting its VAMPIRE family of brands to films such as the Underworld series of films  (starring Kate Beckinsale) in addition to Blade Trinity, and it has had its wines featured and poured at film premiers, including such as Quentin Tarrantino's *Dusk Til' Dawn* and *Dark Shadows* (starring Johnny Depp.)  A sampling of just some of the press talking about Plaintiff's Vampire family of brands is attached as Exhibit B.

50.     Plaintiff fears that defendant's marketing excursions using the word Vampiro as a mark for goods and services will cause consumers to believe that Plaintiff's VAMPIRE branded wines and bloody Mary cocktail (and other goods and services) are not of as high quality as they actually are and will tarnish, dilute and otherwise damage the reputation of Plaintiff's goods and services. This will lead to irreparable harm to Plaintiff's goodwill, reputation, and sales.

51.     Plaintiff only uses high quality ingredients in all its VAMPIRE branded products.  It offers gourmet products.   Plaintiff fears that defendant's use of a cheap tequila imitation to add alcohol to the infringing product will interfere with Plaintiff's ability to attract those producing serious first class Hollywood films to want to do future joint promotions with Plaintiff and its family of VAMPIRE brands.

**COUNT IV**

**DILUTION UNDER TEXAS LAW**

52.     Plaintiff repeats each allegation contained in paragraphs 1 through 51 as though set forth herein at length.

53.     The acts of Defendant complained of herein constitute dilution of Plaintiff's VAMPIRE marks in violation of Texas Business and Commerce Code §16.103.

**COUNT V**

**COMMON LAW UNFAIR COMPETITION**

54.     Plaintiff repeats each allegation contained in paragraphs 1 through 53 as though set forth here at length.

55.     The acts of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the common law of the State of Texas.

**COUNT VI**

**UNJUST ENRICHMENT**

56.     Plaintiff repeats each allegation contained in paragraphs 1 through 55 as though set forth here at length.

57.      The acts of defendant complained of herein constitute unjust enrichment of defendant at the expense of Plaintiff Vampire Family Brands.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     That the Court adjudge and decree that Defendant has falsely designated the origin of certain goods and services as those of Plaintiff, has made and used false representations in connection with the sale, offering for sale, promotion and advertising of such goods and services, and has unfairly competed with Plaintiff at common law.

2.     That the Court adjudge and decree that Defendant has infringed Plaintiff's registered VAMPIRE (and Dracula) trademarks willfully and intentionally.

3.     That the Court adjudge and decree that Defendant unlawfully diluted and diminished Plaintiff's rights in its VAMPIRE family of trademarks.

4.     That the Court adjudge and decree that Defendant unlawfully induced others to infringe upon Plaintiff's trademarks.

5.     That the Court permanently enjoin Defendant, its agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

a.  Using VAMPIRE, VAMPIRO, or any other word or words which are similar to, or a colorable imitation of, Plaintiff's trade names and marks, either alone, as part of, or together with, any other word or words, (including Dracula), trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising, and/or promotion of beverage products and beverage accessories;

b.  Selling, offering to sell, marketing, distributing, advertising and/or promoting any FOOD or BEVERAGE product, goods or service with the word VAMPIRE, VAMPIRO or DRACULA displayed on any product, packaging, advertising or promotional materials;

c.  Representing directly or indirectly by words or conduct that any food or beverage product, goods or services offered for sale, sold, promoted, or advertised by Defendant, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff;

d.  Aiding or abetting in unfair competition against Plaintiff;

e.  Aiding or abetting in false advertising; and

f.  Inducing others to engage in any of these aforementioned acts.

6.      That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendant's illicit profits or Plaintiff's lost profits, whichever is greater.

7.      That the Court award an amount to be determined at trial but at least an amount equal to the cost of prospective corrective advertising to cover a national campaign of advertising and promotion to make up for the damage done by defendant's advertising and promotion.

8.      That the Court award Judgment against Defendant for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiff.

9.      That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

10.     That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff, in its discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance therewith, and/or for the punishment of any violation thereof.

Respectfully submitted,
MACHAT & ASSOCIATES, P.C.

Dated:  August __3__, 2020          By: _____

Michael Machat (CA SBN 109475)
Machat & Associates, PC
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Tel: (310) 860-1833
Email: Michael@machatlaw.com

David A. Randall
HACKLER DAGHIGHIAN MARTINO &
NOVAK P.C.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Telephone: (310) 887- 1333
Email: dave@hdmnlaw.com

Attorneys for Plaintiff
Vampire Family Brands LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues raised by the Complaint.

Respectfully submitted,
MACHAT & ASSOCIATES, P.C.

Dated:  August __3__, 2020          By:_____

Michael Machat (CA SBN 109475)
Machat & Associates, PC
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Tel: (310) 860-1833
Email: Michael@machatlaw.com

David A. Randall
HACKLER DAGHIGHIAN MARTINO &
NOVAK P.C.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Telephone: (310) 887- 1333
Email: dave@hdmnlaw.com

Attorneys for Plaintiff
Vampire Family Brands LLC

# EXHIBIT A



CONTAINS 0% JUICE / CONTIENE 0% DE JUGO

## Nutrition Facts/Datos de Nutrición

Servings/Raciones: 1, **Serv. size/Tamaño por ración: 1 can/lata (355mL),** Amount per serving/Cantidad por ración: **Calories/Calorías 210,**
**Total Fat/Grasa Total** 0g (0% DV), Sat. Fat/Grasa Saturada 0g (0% DV), *Trans* Fat/Grasa *Trans* 0g, **Cholest./Colesterol** 0mg (0% DV), **Sodium/Sodio** 260mg (10% DV), **Total Carb./ Carbohidrato Total** 19g (6% DV), Fiber/Fibra 0g (0% DV), Total Sugars/ Azúcares Totales 19g (Includes 19g Added Sugars/Incluye 0g azúcares añadidos, 38% DV), **Protein/ Proteínas** 0g, Vitamin D/Vitamina D (0% DV), Calcium/ Calcio (1% DV), Iron/Hierro (0% DV), Potassium/Potasio (10% DV).

INGREDIENTS: MINERAL WATER, 100% AGAVE WINE, CANE SUGAR, CITRIC ACID, GUM ARABIC, NATURAL FLAVORS & SODIUM BENZOATE.

INGREDIENTES: AGUA MINERAL, VINO AGAVE 100%, AZÚCAR DE CAÑA, ÁCIDO CÍTRICO, GOMA ÁRABE, SABORES NATURALES Y BENZOATO DE SODIO.

BOTTLED BY / EMBOTELLADO POR: MAGAVE TEQUILA, AV ESPAÑA #1135, COLONIA MODERNA, CP 44190, GUADALAJARA, JALISCO, MEXICO
IMPORTED BY / IMPORTADO POR: MPL BRANDS NV, INC., LAS VEGAS, NV 89109

GOVERNMENT WARNING: (1) ACCORDING TO THE SURGEON GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEVERAGES DURING PREGNANCY BECAUSE OF THE RISK OF BIRTH DEFECTS. (2) CONSUMPTION OF ALCOHOLIC BEVERAGES IMPAIRS YOUR ABILITY TO DRIVE A CAR OR OPERATE MACHINERY, AND MAY CAUSE HEALTH PROBLEMS.







H·E·B

Search 🔍

🛒 99

## Review Cart

🗑 Empty Cart

🚗 Curbside at **Beaumont H-E-B Plus!** - Re

## You may also love

H-E-B Blueberry
Muffins, 4 ct
**$4.10**/each

Add to cart

Fres
Bow
**$4.1**

Add to

## Beverages

Gran Agave Vampiro 12
pk
📝 Add note

### Select a Curbside store ✖

| 77701 | **Search** |

54 stores near "77701"

🕐 **Next available pickup time is tomorrow**

Beaumont H-E-B plus!
3025 NORTH DOWLEN ROAD
BEAUMONT, TX 77706-7213

✓ Selected     3.41 miles

🕐 **Next available pickup time is tomorrow**

Mid County H-E-B
4800 B HWY 365
PORT ARTHUR, TX 77642-7403

Select store     11.61 miles

🕐 **Next available pickup time is tomorrow**

Mont Belvieu H-E-B
13401 I-10 EAST
MONT BELVIEU, TX 77523

Subtotal*          **$813.78**

Est. Total     **$813.78**

**Start checkout**

📝 Add an order note...

🔖 Promo Code

* Online prices may vary from in-store prices.

Sponsored products

Est. total: **$813.78**     **Start checkout**



Log in or Register   Lists   Help

# H·E·B

Search

## Shop ⌄   Recipes   Weekly ad   Coupons   Pharmacy ⌄

## Review Cart

🗑 Empty Cart

🚙 Curbside at **Beaumont H-E-B Plus!** - Reserve A Time Slot ⌄

### You may also love ✕

| | H-E-B Blueberry Muffins, 4 ct **$4.10**/each | | Fresh Mixed Fruit Bowl , 10 oz **$4.10**/each | | H-E-B MooTopia Lactose Free **$4.10**/each | | Texas Backyard Purslane Hanging **$7.19**/each |

Add to cart   Add to cart   Add to cart   Add to cart   ❯

☑ Allow substitutions ❓

### Beverages

Ⓧ   Gran Agave Vampiro 12 oz Cans , 4 pk

✏ Add note

☑ Allow subs   [ - ] 99 [ + ]   **$813.78** $8.22/each

Subtotal* **$813.78**

Est. Total **$813.78**

**Start checkout**

✏ Add an order note...

✂ Promo Code

* Online prices may vary from in-store prices.

Sponsored products

Est. total: **$813.78**   **Start checkout**

js_044.pdf   Show All ✕

# EXHIBIT B

# VAMPIRE WINE ON ANDERSON COOPER

December 13, 2016



Ashley Green from Twilight with Anderson Cooper on the Anderson Cooper Live show. For the Thanksgiving interview she presented him with a pie and he presented her with the bottle of Vampire Cabernet Sauvignon shown on the table.

Tags: Vampire, Vampire Vineyards, Wine, Anderson Cooper, Video, Press

# VAMPIRE WINE ON THE VIEW

ca
is t







## Hot WINE

What's the celebratory drink of choice for the cast and crew of HBO's *True Blood*? No, it's not a bloody mary: it's Vampire cabernet from Vampire Vineyards in California. The smooth (no bite!) fruit-forward red was served at a cast party for the hit series — and would make a fang-tastic choice for any Halloween get-together. $11, vampire .com



# The Hot List

THE COOLEST THINGS
TO DO, BUY, AND
SEE THIS MONTH.
BY DANIELLE MCNALLY

These
ghoulishly
themed
wines
taste fine
anytime.

**PARTY TIME**

## BLOODY GOOD

● Host a Halloween soirée with
vino from **Vampire Vineyards.**
Choose from 15 blends, including
Vampire chardonnay ($10),
Trueblood pinot noir ($30), and
Dracula syrah ($18). For beer
lovers, there's Witches' Brew
golden ale ($13; all at vampire
.com). And don't forget the tunes:
May we suggest "Monster Mash"?









JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

VAMPIRE FAMILY BRANDS, LLC

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff    Ventura, California
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Machat (CA Bar 109475)
Machat & Associates, PC
8730 W. Sunset Blvd., Ste 250
West Hollywood, CA 90069
Tel: (310) 860-1833

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Text
Text

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1125, 1114
Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
08/03/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.